By the Court, Robertson, Ch. J.
The issues in this action were tried in the ordinary mode before a jury, in June, 1864, and a hostile verdict was rendered therein for the plain-, tiff. No reservation was made, on the. trial, of the hearing of the exceptions for the general term. No judgment has been entered, or appeal taken. In December following, an order was made by the justice who tried the cause, by the consent of the parties, directing the case and exceptions to be heard in the first instance at the general term, and all proceedings on the verdict to be stayed until the decision therein. No. provision was made by such order where or how judgment was to be entered on such verdict. By the 265th section of the Code, the judge trying the cause may, at the trial, direct exceptions to be heard in the first instance at the general term, and'the 'judgment in the mean'time to be suspended. In such case, judgment can only be given there. This confines the power of the judge who tried the cause, over the disposition of the exceptions and judgment, to the time of the trial. After that, he has no more power to make an order in the case, as to the hearing of the cause, than any other judge. Nor can it be made by consent, any more than on an adverse application. It was intended that the court should exercise its discretion on the trial only, under its then sense of the importance of the exceptions, and not on a subsequent re-considerátion of them. The same section of the Code provides that a motion for a new trial, on a case or exceptions or otherwise, must in the first instance be heard at the circuit or special term, except in the two cases of exceptions directed at the trial to be heard first at general term, or where, a verdict is *681 taken, subject to the opinion of the court at general term. It is not a privilege of the parties, but a discretionary power in the court for its own guidance, to be exercised only on the trial. ¡No* judge of the court has authority by an order to prevent a cause from being argued at special term, which is so required to be first argued there, and send it to the general term for a hearing. The general term in such case can render no judgment either of affirmance or reversal, as there is no judgment to be affirmed or reversed, and it cannot render an original judgment, as no authority was given to it to do so on the trial.
The motion for a new trial must therefore be denied, for want of jurisdiction, without costs, and without prejudice to the right of the defendant to bring, up the case in a proper form.